By the Court.
Tbe justice of tbe peace before wbom tbe complaint was examined into, neglected to file a transcript of tbe proceedings, together witb tbe recognizance and other papers in the case, witb tbe clerk of tbe Court of Common Pleas within thirty days from tbe date of the examination, as be was required to do by section 6 of tbe bastardy act (70 Ohio L. 112), but did file them within a *8 few days thereafter. At the next term of the court, the accused moved to strike the papers from, the files, on the .■ground that they had not been filed within the time prescribed by the statute. This motion was overruled and exception taken.
At a subsequent term, to which the cause had been continued, the transcript of the justice and the written examination of the complainant were lost, and the accused moved for a continuance of the cause until the lost papers might be found. This motion the court, overruled, and permitted the complainant to substitute another transcript in lieu of the one lost. To all of which the defendant excepted.
Afterward, on the trial of the cause, the complainant offered herself as a witness, and among other things was permitted in chief to testily as to the contents of the lost paper—to wit, the written examination of the complainant before the justice of the peace. To this testimony the defendant objected, and, the objection being ' overruled, excepted. Held—
1. Section 6 of the bastardy act is directory, and the neglect of the justice to file the papers with the clerk within thirty days from the examination, does not necessarily defeat the prosecution.
2. The motion to continue the cause was addressed to the discretion of the court, and its action thereon can not be reviewed on error.
8. The substitution of a new transcript of the justice’s docket in lieu of the lost one was properly allowed.
4. Section 9 of the bastardy act provides, “ And at the trial of such issues, the examination before the justice shall be given in evidence, and the mother of the bastard child shall be admitted as a competent witness.” Under this provision, either party may offer the written examination, and if it be lost, its contents may be proved. The complainant is a competent witness in the case for anjr purpose, and maj- testify to the contents of the examination, if the writing be lost.

Motion overruled.